# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN L. GREENSPUN, et al.,

        Plaintiff(s),

v.

STEPHENS MEDIA, LLC, et al.,

        Defendant(s).

2:13-CV-1494 JCM (PAL)

**TEMPORARY RESTRAINING ORDER AND ORDER SETTING PRELIMINARY INJUNCTION HEARING AND BRIEFING SCHEDULE**

UPON CONSIDERATION of the motion filed by plaintiffs, Brian L. Greenspun, an individual; Brian L. Greenspun, as trustee of The Brian L. Greenspun Separate Property Trust, dated July 11, 1990; Brian L. Greenspun, as trustee of The Amy Greenspun Arenson 2010 Legacy Trust (collectively, "plaintiffs"), for an emergency temporary restraining order, for preliminary injunction, and hearing and briefing schedule, the supporting memorandum of points and authorities, verified complaint and other documents on file in this case, the affidavit of E. Leaf Reid in support of motion, the declaration of Brian L. Greenspun in support of motion, and for other good cause shown:

THE COURT HEREBY FINDS THAT:

In order to give both sides the opportunity to be heard before the September 1 date (the deadline suggested by the plaintiffs), the court will enter a temporary restraining order to preserve the status quo and set the hearing for Friday, September 6, 2013, at 10:00 a.m.

**James C. Mahan**
**U.S. District Judge**

Of particular interest to the court are the following issues:

1. The plaintiff Brian Greenspun is a dissident minority board member who disagrees with the business decision of the majority of the board of Greenspun Corporation and Las Vegas Sun, Inc.

2. The majority of the board of Greenspun Corporation and Las Vegas Sun, Inc., has voted in favor of the contract with the defendants and to terminate the publication of the Las Vegas Sun newspaper. The plaintiffs seek to have the court overrule that business decision and force the Greenspun Corporation and Las Vegas Sun, Inc., to continue publishing the newspaper. Of course, the court would then be required to oversee the continuing business operations of these companies to ensure their continuing compliance with the court's order. The court is not inclined to reverse their decision and order them that they must continue to publish the newspaper regardless of the board's determination.

3. Are Greenspun entities as the other party or parties to the letter of intent and the proposed resulting contract, indispensable parties in the present case? Are the individual majority board members of the Greenspun Corporation and Las Vegas Sun, Inc., indispensable parties to this case? Should the case be dismissed in their absence?

4. The court takes judicial notice of the fact that newspapers around the country are ceasing publication, and the public seems to prefer the Internet as its source of information. Disparate cities that supported two or more newspapers (Seattle, Nashville, and Honolulu, for example) are effectively supporting only one. In many cases, the defunct newspaper is now reporting on line.

5. If the letter of intent and proposed agreement do violate anti-trust laws as the plaintiffs contend, the Department of Justice or the Nevada attorney general can intervene under the law to prevent the violation.

Defendant will suffer minimal damage by the issuance of a temporary restraining order; accordingly, a nominal bond in the amount of $1,000.00 is reasonable security.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

1. Defendants, including without limitation, all of their respective managing members, officers, agents, servants, employees, and all other persons acting in concert or participation with any

of them are hereby temporarily restrained and enjoined from:

    I.    Taking any steps whatsoever to terminate the Amended and Restated Agreement ("2005 JOA")'

    ii.    From taking any steps whatsoever that are contrary to, or inconsistent with, the various provisions of the 2005 JOA, including, without limitation, the right of the Las Vegas Sun to produce and furnish features, news and editorial copy, and like material, to the Las Vegas Review Journal for publication in the Sun and the requirement that Las Vegas Review Journal produce the Las Vegas Sun as a morning newspaper and to sell advertising for, promote, and circulate the Las Vegas Sun;

    iii.    From taking any actions whatsoever that may cause any material adverse change in the business, including loss of financial condition of the Las Vegas Sun as a viable going concern.

IT IS HEREBY FURTHER ORDERED THAT:

1. This order be and is hereby conditioned upon plaintiffs' filing with the clerk of this court, pursuant to FRCP 65, an undertaking in the form of a bond in the amount of $1,000.00 to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

2. The parties shall appear for hearing and oral argument on plaintiffs' motion for preliminary injunction on **September 6, 2013, at 10:00 AM in courtroom 6A,** at the Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard, Las Vegas, Nevada;

3. Defendants shall file and serve their opposition brief to plaintiffs' motion for preliminary injunction, if any, no later than **4:00 PM on August 30, 2013**; and

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1      4.     Plaintiffs shall file and serve their reply brief in support of their motion for preliminary injunction no later than **12:00 Noon on September 4, 2013**.

ENTERED this 27th day of August, 2013, at 1:30 PM.

*/s/ James C. Mahan*
_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -