UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN L. GREENSPUN, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>STEPHENS MEDIA, LLC, et al.,<br><br>    Defendant(s). | 2:13-CV-1494 JCM (PAL) |

**ORDER**

Presently before the court is individual plaintiff Brian Greenspun's emergency motion for a temporary restraining order and preliminary injunction. (Docs. ## 36, 37). Plaintiff also asks the court to grant expedited discovery under Fed. R. Civ. P. 26(d).

On August 20, 2013, plaintiffs filed their first emergency motions for a preliminary injunction and temporary restraining order. (Docs. ## 2, 3). The thrust of plaintiffs' claims allege that the defendants have conspired to monopolize the Las Vegas newspaper market, in violation of federal and state antitrust laws.[1]

On August 27, 2013, the court granted plaintiffs' motion for a temporary restraining order and set a preliminary injunction hearing for September 6, 2013. At the hearing, the court entertained argument from the parties regarding, among other things, the justiciability of the matter for review. At that hearing, and as detailed in the subsequent order, the court held that "there is no definitive contract or agreement that presently exists between Defendants and Las Vegas Sun, Inc. and/or the

---

[1] For a detailed description of the claims, *see* complaint, doc. #1.

**James C. Mahan**
**U.S. District Judge**

1  Greenspun Media Group terminating the Joint Operating Agreement under which the Las Vegas
2  Review-Journal and Las Vegas Sun newspapers are published.  Accordingly, Plaintiffs' complaint
3  that the termination of the Joint Operating Agreement will violate antitrust laws is premature and
4  not ripe." (*See* Order doc. # 34).

5  According to plaintiff's latest motions for a temporary restraining order and preliminary
6  injunction, the defendants and the Las Vegas Sun Inc. and/or Greenspun Media Group have since
7  added minor amendments to the letter of intent and have signed the letter as an indication of their
8  understanding of its proposed terms.  Greenspun notes these changes and then proceeds to repeat
9  largely the same legal arguments advanced in plaintiff's first motion for a temporary restraining
10 order and preliminary injunction.

11 Upon review of plaintiff's motions, it appears that the only difference between the
12 circumstances as they existed at the time of his first motions and as they stand now is that the letter
13 has been signed by the parties. (*See* proposed letter of intent, attached to doc. # 36).

14 However, the court is unpersuaded that the presence of the signatures on the *non-binding*
15 letter of intent somehow transforms this matter into one ripe for review.  The court's concerns
16 expressed at the September 6, 2013, hearing and in the subsequent order remain: there is no
17 definitive contract or legally binding agreement providing for termination of the JOA. Consequently,
18 the matter is still not ripe for review.

19 Accordingly,

20 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's emergency
21 motion for a temporary restraining order and preliminary injunction (docs. # 36 & 37) be, and the
22 same hereby is, DENIED.

23 DATED September 25, 2013.

*James C. Mahan*

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -