# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN L. GREENSPUN, et al., | |
|             Plaintiff, | Case No. 2:13-cv-01494-JCM-PAL |
| vs. | **ORDER** |
| STEPHENS MEDIA, LLC, et al. | (Mot. Withdraw Counsel - Dkt. #41) |
|             Defendants. | (Mot Seal - Dkt. #42)<br>(Mot Seal - Dkt. #50) |

Before the court is Lewis Roca Rothgerber LLP's Motion to Withdraw as Counsel (Dkt. #41), and Motion to File Affidavit of E. Leif Reid in Support of Lewis Roca Rothgerber LLP's Motion to Withdraw as Counsel Under Seal (Dkt. #42). The court has considered the motions, Affidavit of E. Leif Reid (Dkt. #43), Motion for Leave to File Opposition to Lewis Roca Rothgerber's LLP's Motion to Withdraw as Counsel and Declaration of Brian Greenspun in Support Thereof Under Seal (Dkt. #50), and Plaintiff's Memorandum in Opposition to Lewis Roca Rothgerber LLP's Motion to Withdraw as Counsel (Dkt. #51), filed under seal.

The motion seeks an order allowing the law firm to withdraw as local counsel of record indicating out-of-state counsel, Joseph M. Alioto, will continue to represent the Plaintiffs. The motion is supported by the affidavit of E. Leif Reid. It was filed under seal because it contains attorney-client communications. Joseph Alioto filed an opposition to the law firm's motion to withdraw on behalf of the Plaintiffs. The motion to withdraw was filed because the law firm believes it has a conflict of interest precluding it from representing the Plaintiffs in this case based on prior representation of another Greenspun related entity. The law firm initially obtained a waiver of the conflict of interest from the affected clients and former client. However, the former client, Greenspun Corporation and its subsidiaries Greenspun Media Group and Vegas.com LLC changed its position regarding the conflict

1  and withdrew its consent to the law firm's participation as counsel for Plaintiffs in this case.

2      Out-of-state counsel for the Plaintiffs opposes the motion arguing that the former client of the law firm is not a party to this action and that there is no conflict of interest that would require the law firm to withdraw as counsel for Plaintiffs.  Additionally, out-of-state counsel for Plaintiffs argue that the former client waived any potential or actual conflict of interest and that an attempt to repudiate express waivers was done in bad faith for the purpose of delaying these proceedings until the eve of a major hearing in this matter.

    The moving and responsive papers simply do not provide the court with adequate information to assess whether the law firm should be permitted to withdraw over the objections of the Plaintiffs.  For example, no information is provided concerning the nature of the conflict, whether the law firm obtained written waivers of the conflict of interest, whether the matter of prior representation was substantially related to this case, or any other substantive information that would allow the court to assess whether there is or is not a conflict of interest.  Accordingly,

**IT IS ORDERED** that:

1. Lewis Roca Rothgerber's Motion to Withdraw as Counsel (Dkt. #41) is **DENIED without prejudice.**.
2. The Motion to File Affidavit of E. Leif Reid Under Seal (Dkt. #42) is **GRANTED**.
3. The Motion to File the Opposition (Dkt. #50) Under Seal (Dkt. #50) is **GRANTED**.

Dated this 5th day of December, 2013.

                                Peggy A. Leen
                                United States Magistrate Judge