UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN L. GREENSPUN, et al., | Case No. 2:13-cv-01494-JCM-PAL |
| Plaintiffs, | ORDER |
| v. | (Mtn to File Under Seal – Dkt. #83) |
| STEPHENS MEDIA LLC, et al., | |
| Defendants. | |

This matter is before the court on Plaintiffs' Motion to File Affidavit in Support of Stipulation and Order Under Seal (Dkt. #83) filed April 1, 2014.  The Motion requests permission to file an affidavit of E. Leif Reid in support of the parties' Stipulation for Plaintiffs to File a Response to Lewis Roca Rothgerber LLP's Renewed Motion to Withdraw as Counsel (Dkt. #82).

Pursuant to Local Rule 10-5(b), Plaintiffs' counsel, Lewis Roca Rothgerber, LLP ("LRR"), seeks an order allowing them to file an affidavit of attorney E. Leif Reid under seal in support of the parties' Stipulation for Plaintiffs to file a Response to LRR's Renewed Motion to Withdraw as Counsel (Dkt. #70).  Concurrently with the Motion to Seal, Plaintiffs' counsel filed the Affidavit (Dkt. #84) under seal as required by LR 10-5(b).  Plaintiffs' counsel represents that good cause exists for the Affidavit to remain under sea.  Specifically, LRR represents the Affidavit contains information learned through privileged attorney-client communications and concerns a strictly confidential transaction.

As a general matter, there is a strong presumption of access to judicial records.  *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006).  The Ninth Circuit has carved out an exception to this presumption of access for materials attached to non-

dispositive motions where the movant makes a particularized showing of good cause under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access.  *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002).  Under Nevada law, confidential communications between an attorney or attorney's representative and a client or the client's representative for the purpose of facilitating the rendition of professional legal services are privileged from disclosure. NRS 49.095.  The court has reviewed the Affidavit and finds that it contains information learned through confidential attorney-client communications about a strictly confidential matter. Therefore, the court finds Plaintiffs' counsel has made a particularized showing of good cause for the Affidavit to remain under seal.

Accordingly,

**IT IS ORDERED** that Plaintiffs' counsel's Motion to File Affidavit Under Seal (Dkt. #83) is GRANTED.  The Affidavit of R. Leif Reid (Dkt. #84) shall remain under seal.

Dated this 15th day of April, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE