UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN L. GREENSPUN, et al.,<br><br>      Plaintiffs,<br>v.<br>STEPHENS MEDIA LLC, et al.,<br><br>      Defendants. | Case No. 2:13-cv-01494-JCM-PAL<br><br>**ORDER**<br><br>(Mtns to File Under Seal – Dkt. ##88, 93) |

This matter is before the court on Plaintiffs' Motions to File Affidavit in Support of Stipulation and Order Under Seal (Dkt. ##88, 93) filed April 25, 2014, and May 12, 2014. The Motions request permission to file affidavits of E. Leif Reid in support of the parties' Stipulations for Plaintiffs to File a Response to Lewis Roca Rothgerber LLP's Renewed Motion to Withdraw as Counsel Under Seal (Dkt. ##90, 95).

Pursuant to Local Rule 10-5(b), Plaintiffs' counsel, Lewis Roca Rothgerber, LLP ("LRR"), seeks orders allowing them to file affidavits of attorney E. Leif Reid under seal in support of the parties' Stipulations for Plaintiffs to file a Response to LRR's Renewed Motion to Withdraw as Counsel (Dkt. ##91, 96). Concurrently with the Motions to Seal, Plaintiffs' counsel filed the Affidavits (Dkt. ##90, 95) under seal as required by LR 10-5(b). Plaintiffs' counsel represents that good cause exists for the Affidavits to remain under seal. Specifically, LRR represents the Affidavits contain information learned through privileged attorney-client communications and concern a strictly confidential transaction.

As a general matter, there is a strong presumption of access to judicial records. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit has carved out an exception to this presumption of access for materials attached to non-dispositive motions where the movant makes a particularized showing of good cause under Rule

26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access.  *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002).  Under Nevada law, confidential communications between an attorney or attorney's representative and a client or the client's representative for the purpose of facilitating the rendition of professional legal services are privileged from disclosure.  NRS 49.095.  The court has reviewed the Affidavits and finds that they contain information learned through confidential attorney-client communications about a strictly confidential matter.  The court previously granted LRR's previous request to seal the Affidavit of E. Lief Reid (Dkt. #84) that concerned the same subject matter of the Affidavits here.  *See* Order (Dkt. #87).  Therefore, the court finds Plaintiffs' counsel has made a particularized showing of good cause for the Affidavits to remain under seal.

Accordingly,

**IT IS ORDERED** that LRR's Motions to File Affidavit Under Seal (Dkt. ##88, 93) are GRANTED.  The Affidavits of R. Leif Reid (Dkt. ##90, 95) shall remain under seal.

DATED this 19th day of May, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE