UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN L. GREENSPUN, et al., | Case No. 2:13-CV-1494 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| STEPHENS MEDIA LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Brian L. Greenspun's; The Brian L. Greenspun Separate Property Trust's, Dated July 11, 1990; and the Amy Greenspun Arenson 2010 Legacy Trust's ("plaintiffs") motion to voluntarily dismiss. (Doc. # 101). Defendants Stephens Media, LLC, et al. filed a response (doc. # 102) and plaintiffs filed a reply (doc. # 105).

**I.   Background**

The instant action stems from claims for equitable and injunctive relief based on various antitrust claims. (*See* doc. # 1). Plaintiffs now seek to voluntarily dismiss all causes of action against defendants under Federal Rule of Civil Procedure 41(a)(2). Plaintiffs and defendants agree that a recent business transaction has rendered plaintiffs' claims moot.

The parties' main point of contention is not whether the action should be dismissed, but whether the action should be dismissed with or without prejudice or conditions. (*See, e.g.*, doc. # 101).

**II.   Legal Standard**

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal of an action after the filing of an answer or motion for summary judgment by order of the court. Fed. R. Civ. P. 41(a)(2). The court has the discretion to dismiss a matter subject to any terms and

**James C. Mahan**
**U.S. District Judge**

1. conditions it considers proper. *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir.1996); *see also* Fed. R. Civ. P. 41(a)(2).

### III.  Discussion

The court finds no legal prejudice in dismissing this case. Both parties agree that the recent business transaction moots the claims at issue.

Plaintiffs argue that the dismissal of the action without prejudice or conditions is warranted, because they moved to voluntarily dismiss in a timely manner following the close of the business transaction that rendered the claims moot. (*See* doc. # 101). Plaintiffs also assert that imposing a condition of attorneys' costs and fees is not proper because the action is in the early stages of litigation and defendants have not expended substantial resources in their defense.

Defendants argue that the court should condition the dismissal on plaintiffs' payment of defendants' attorneys' costs and fees, because defendants incurred substantial legal fees defending against unripe and unfounded antitrust charges. (*See* doc. #102).

Though the court declines to condition the instant voluntary dismissal on plaintiffs' payment of costs and fees, the court concludes that it is proper to afford defendants the opportunity to move for appropriate fees. Defendants shall file their request in compliance with the applicable federal and local rules governing attorneys' fees within (30) days of the issuance of this order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED plaintiffs' motion for voluntary dismissal without prejudice (doc. # 101) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants shall file their motion for attorneys' fees within 30 days of the issuance of this order.

DATED September 12, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**