UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN L. GREENSPUN, et al., | Case No. 2:13-CV-1494 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| STEPHENS MEDIA, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Stephens Media LLC, et al.'s motion for attorneys' fees and costs. (Doc. # 107). Plaintiffs Brian L. Greenspun, et al. filed a response (doc. # 110) and defendants filed a reply (doc. # 111).

**I.   Background**

The instant action stems from claims for equitable and injunctive relief based on various antitrust claims. (*See* doc. # 1). On September 12, 2014, the court granted plaintiffs' motion to voluntarily dismiss all causes of action against defendants under Federal Rule of Civil Procedure 41(a)(2). (Doc. # 101). The parties' agreed that the court should dismiss the action, because a recent business transaction had rendered plaintiffs' claims moot. The main point of contention between the parties was whether the action should be dismissed with or without prejudice or conditions. (*See, e.g.*, doc. # 101).

Plaintiffs argued that the dismissal of the action without prejudice or conditions was warranted, because they moved to voluntarily dismiss in a timely manner following the close of the business transaction that rendered the claims moot. (*See* doc. # 101). Plaintiffs also asserted that imposing a condition of attorneys' costs and fees was not proper because the action was in the early stages of litigation and defendants had not expended substantial resources in their defense.

**James C. Mahan**
**U.S. District Judge**

1  Defendants argued that the court should condition the dismissal on plaintiffs' payment of
2  defendants' attorneys' costs and fees, because defendants incurred substantial legal fees defending
3  against unripe and unfounded antitrust charges.  (*See* doc. #102).

4  The court declined to condition the voluntary dismissal on plaintiffs' payment of costs and
5  fees, but concluded that it was proper to afford defendants the opportunity to move for appropriate
6  fees.  (Doc. # 106).  Defendants filed the instant motion for attorneys' fees.

**II.  Legal Standard**

To protect defendants' interests when a dismissal is without prejudice, a court can condition a dismissal upon the payment of "appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  However, the "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Id.; accord. Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  Further, the Ninth Circuit has held that "Fed.R.Civ.P. 41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993).

"Given the presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it would be incongruous to conclude from the broad language of Fed. R. Civ. P. 41(a)(2) that an attorney could be sanctioned by authority of this rule alone." *Id.* at 242; *see also Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) ( "[A]bsent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees.").  Thus, the district court must have an independent basis to impose fees and costs as a condition of voluntary dismissal. *Heckethorn*, 922 F.2d at 242.

**III.  Discussion**

Defendants move for attorneys' fees pursuant to Federal Rules of Civil Procedure 41(a)(2), 54(d)(2), and local rule 54-16.  Defendants assert that, though the court's September 12, 2014, order did not condition the voluntary dismissal on plaintiffs' payment of fees and costs at the time it was issued, that the court invited defendants to seek attorneys' fees suggests that the court wanted to review additional briefing before making a final determination.  Therefore, defendants allege that the court declined to condition the voluntary dismissal on plaintiffs' payment of fees and costs

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  at the time of the order, but wished to have more time and additional briefing to consider post hoc
2  whether dismissal should be conditioned on costs and fees.

3  Defendants are incorrect. The parties previously briefed the issue of conditioning the
4  voluntary dismissal on plaintiffs' payment of fees and costs. The court's September 12, 2014,
5  order declined to condition the voluntary dismissal on plaintiffs' payment of fees and costs. The
6  court merely provided defendants additional time beyond the fourteen days provided by Federal
7  Rule of Civil Procedure 54 in which to file their motion.

8  Defendants provide no basis for awarding fees or costs other than Rule 41(a)(2), which as
9  mentioned is not itself an authority for the imposition of attorney fees. *Heckethorn*, 922 F.2d at
10 242. Because defendants provide no statutory or contractual basis for the court to impose
11 attorneys' fees, defendants' motion will be denied.

12 Accordingly,

13 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Stephens
14 Media LLC, et al.'s motion for attorneys' fees and costs (doc. # 107) be, and the same hereby is,
15 DENIED.

16 DATED March 3, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -